# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2025

Lyle W. Cayce
Clerk

No. 23-20584

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Robert Earl Locket,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-72-1

_____

Before Southwick, Higginson, and Wilson, *Circuit Judges*.

Stephen A. Higginson, *Circuit Judge*:

Defendant–Appellant Robert Earl Locket raises both facial and as–applied Second Amendment challenges to his 18 U.S.C. § 922(g)(1) conviction based on his predicate felony convictions for manufacturing or delivering controlled substances. He also contests the constitutionality of § 922(g)(1) under the Fifth Amendment's equal protection guarantee. Last, Locket challenges the statute as exceeding Congress's powers under the Commerce Clause. Because the arguments Locket advances are foreclosed by our Court precedent, we AFFIRM his conviction and sentence.

No. 23–20584

## I.

On February 10, 2021, officers from the Bryant Texas Police Department executed a search warrant at a home where they believed Locket was housing narcotics. The search, which took place with Mr. Locket present, uncovered several grams of marijuana, cocaine, promethazine, unknown pills (believed to be ecstasy), $5,630, and three firearms. A record check revealed that Locket had two prior convictions involving the manufacture or delivery of a controlled substance.

The United States charged Locket as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). Locket moved to dismiss the § 922(g)(1) charge, arguing that the statute is facially unconstitutional under the Second Amendment, that it violates the Fifth Amendment's grant of equal protection of the laws, and that it exceeds Congress's Commerce Clause powers.

The district court denied Locket's motion, after which he pled guilty without a plea agreement and was sentenced to 12 months and a day of imprisonment, followed by three years of supervised release. Locket timely appealed.

## II.

On appeal, Locket raises the same constitutional arguments as before the district court and additionally raises, for the first time, an as–applied challenge to § 922(g)(1) under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). As with all constitutional challenges, this Court reviews Locket's arguments *de novo*. *United States v. Diaz*, 116 F.4th 458, 462 (5th Cir.

2024) (citing *United States v. Perez–Macias*, 335 F.3d 421, 425 (5th Cir. 2003)).

In *United States v. Diaz*, we held that those convicted under § 922(g)(1) cannot bring facial challenges to the statute under the Second Amendment. 116 F.4th 458, 472 (5th Cir. 2024). Given our precedent, as acknowledged in Locket's reply brief and letter of notification, his facial challenge to his § 922(g)(1) conviction is foreclosed.[1]

As to Locket's criminal offense here, we recently dealt with an analogous felony predicate in *United States v. Kimble*, 142 F.4th 308 (5th Cir. 2025). There, we held that "disarming drug traffickers accords with the nation's history and tradition of firearm regulation," and affirmed Kimble's § 922(g)(1) conviction based on a predicate of drug trafficking. *Id.* at 309. In keeping with our Court's decision to assess whether the Government has identified a "class of persons at the Founding who were 'dangerous' in ways germane to those Congress seeks to disarm today," our opinion in *Kimble* concluded drug–trafficking felons fit in the category of dangerous people who warrant class–wide disarmament. 142 F.4th at 315 (quoting *United States v. Connelly*, 117 F.4th 269, 278 (5th Cir. 2024)). This Court in *Kimble* emphasized that courts should not "'look beyond' a defendant's predicate conviction 'and assess whether the felon's history or characteristics make him likely to misuse firearms.'" *Id.* (quoting *Pitsildes v. Barr*, 128 F.4th 203, 211–13 (3rd Cir. 2025)).

We next turn to Locket's equal protection claim. Locket argues that § 922(g)(1) burdens his fundamental right to bear arms and violates equal protection because it treats identically situated persons differently by relying

---

[1] Locket concedes that his Commerce Clause challenge is also barred by this Court's precedent but raises it to preserve the issue.

on state definitions of conduct that result in a loss of the right to possess a firearm in some states, but not others. Locket cites *United States v. Windsor*, for the proposition that "the liberty protected by the Fifth Amendment's Due Process Clause contains within it the prohibition against denying to any person the equal protection of the laws." 570 U.S. 744, 774 (2013). Since the parties submitted their briefs, however, we have concluded that the Fifth Amendment's equal protection principles do not permit challenges to § 922(g)(1). *United States v. Goody*, 143 F.4th 617, 619 (5th Cir. 2025). "[T]he Fifth Amendment does not encode a super–Second Amendment inside its guarantee of 'due process.'" *Id.* Therefore, Locket's equal protection challenge is foreclosed.

Accordingly, the district court's judgment is AFFIRMED.